**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DAVID E. HOSPODOR,
<u>Plaintiff-Appellant,</u>

v.                                                                                          No. 99-2017

BURLINGTON INDUSTRIES, INC.,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CA-97-1350-1)

Submitted: January 25, 2000

Decided: February 23, 2000

Before MURNAGHAN and WILKINS, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David W. McDonald, Kristian Nicole Allen, HICKS, MCDONALD,
ALLEN, NOECKER & AYCOCK, L.L.P., Greensboro, North Caro-
lina, for Appellant. M. Daniel McGinn, John R. Archambault,
BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD,
L.L.P., Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David E. Hospodor appeals the district court's order and judgment granting summary judgment to Burlington Industries, Inc., and dismissing his complaint alleging that he was discharged due to his age and disability in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. §§ 621-634 (West 1999 & Supp. 1999), and the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12101-12213 (West 1995 & Supp. 1999). Hospodor contends that the district court erred by finding that his complaint was barred because he did not file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in a timely fashion. Finding no reversible error, we affirm.

We review a district court's decision to grant summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Pursuant to the ADA, the ADEA, and Title VII, an employee cannot seek redress in federal court for an employer's alleged discriminatory conduct unless he filed a charge of discrimination with the EEOC within 180 days "after the alleged unlawful practice occurred." 29 U.S.C. § 626(d) (1994); see also 42 U.S.C. § 2000e-5(e)(1994); 42 U.S.C.A. § 12117(a) (West 1995); McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994) (claim is time-barred in federal court if employee does not file a timely charge with the EEOC). In a case involving alleged unlawful termination, the time for filing EEOC charges accrues when the employee receives notice of his termination, not when the termination occurs. See Chardon v.

2

Fernandez, 454 U.S. 6, 8 (1981); Delaware State College v. Ricks, 449 U.S. 250, 258 (1980).

We agree with the district court that the time for filing Hospodor's complaint with the EEOC accrued on October 24, 1996, when he received notice that he was to be terminated. That notice was final and unequivocal. There is nothing in the record to suggest that the notice was rescinded. Thus, Hospodor's August 19, 1997, charge of discrimination filed with the EEOC was untimely and he cannot seek redress for the alleged discriminatory conduct in federal court.

Accordingly, we affirm on the reasoning of the district court. See Hospodor v. Burlington Indus., No. CA-97-1350-1 (M.D.N.C. June 23, 1999). We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3